UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LOGAN COUCH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:22-cv-02351-SEB-KMB |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**Order Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons explained in this Order, the motion of Logan Couch for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice**.** In addition, the Court finds that a certificate of appealability should not issue**.**

**I. The § 2255 Motion**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir.

2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II. Factual Background

On August 18, 2020, Mr. Couch was charged with one count of Unlawful Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1). *United States v. Couch*, 1:20-cr-225-SEB-TAB-1 ("Cr. Dkt."), dkt. 5. Mr. Couch pleaded guilty and waived his right to appeal his conviction or sentence. *Id.* dkt. 33 (Plea Agreement). The plea agreement did not contain any sentencing guidelines stipulations. *Id*.

According to the Presentence Investigation Report ("PSR"), Mr. Couch's base offense level was 20 because of his prior felony Battery Resulting in Bodily Injury conviction. Dkt. 41 ¶ 23. His final adjusted offense level was 19. *Id.* ¶ 32. With a criminal history category of VI, his advisory guidelines range was 63-78 months. *Id.* ¶¶ 61, 117. Mr. Couch did not object to the PSR. At the change of plea and sentencing hearing, the Court adopted the PSR's findings and sentenced Mr. Couch to 66 months' imprisonment with 3 years of supervised release to follow. *Id.* dkt. 43.

## III. Discussion

In support of his § 2255 motion, Mr. Couch argues principally that his counsel failed to provide constitutionally effective representation by not objecting to the use of his Indiana battery conviction as a crime of violence for the purpose of calculating his base offense level under the Sentencing Guidelines.[1]

---

[1] Mr. Couch claimed in his petition both that the Court erred in calculating his base offense level and that his counsel was ineffective for failing to challenge this error. In response, the United States argues that Mr. Couch waived any direct challenge to his sentence in his plea agreement. Dkt. 7 at 5. Mr. Couch agrees in his reply that he waived a direct challenge to the calculation of his sentence, dkt. 8 at 1, but presses his argument that his counsel performed deficiently. The Court will therefore focus its analysis on Mr. Couch's ineffective assistance of counsel claim.

A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation, and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *Resnick v. United States*, 7 F.4th 611, 619 (7th Cir. 2021). If a petitioner cannot establish one of the *Strickland* prongs, the Court need not consider the other. *Groves v. United States*, 755 F.3d 588, 591 (7th Cir. 2014). To satisfy the first prong of *Strickland*, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States*, 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance. *Id.* To satisfy the second prong, the petitioner "must show that but for counsel's errors, there is a reasonable probability that the result would have been different." *Perrone v. United States*, 889 F.3d 898, 908 (7th Cir. 2018) (cleaned up).

Mr. Couch argues that his Indiana battery conviction should not have been treated as a crime of violence under the Guidelines and that his counsel performed deficiently by failing to raise this objection. Under the Guidelines, if a defendant, like Mr. Couch, committed a firearms offense "subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense," then his base offense level begins at 20. U.S.S.G. § 2K2.1(a)(4)(A). To qualify as a crime of violence under this provision, a crime must be punishable by imprisonment for more than one year and have "as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1); *see also* § 2K2.1 cmt. n.1 (borrowing definition of crime of violence from § 4B1.2(a)). Based on § 2K2.1(a)(4)(A), the PSR determined Mr. Couch's base offense level to be 20, because of his prior conviction for felony battery. Cr. Dkt. 41 ¶ 23.

In support of his argument that this conclusion was incorrect, Mr. Couch points out that, under *Borden v. United States*, 141 S. Ct. 1817 (2021), a crime with a *mens rea* of recklessness does not qualify as a crime of violence under the Armed Career Criminal Act ("ACCA").[2] He goes on to argue that Indiana battery can be committed by "making contact in an accidental or incidental way…" and therefore, under *Borden*, cannot be used as a violent felony to enhance his base offense level. But Indiana battery does not have a *mens rea* of recklessness. Instead, Indiana battery requires the offensive touching be done "knowingly and intentionally." Ind. Code 35-42-2-1(a) (eff. July 1, 2016).

Next, to the extent Mr. Couch argues that, regardless of the applicable *mens rea*, his battery conviction is not a crime of violence, the Seventh Circuit has held directly that Indiana battery resulting in bodily injury[3] qualifies as a crime of violence under the ACCA. *United States v. Love*, 7 F.4th 674 (7th Cir. 2021) ("It is self-evident in the strict sense that physical force which *resulted* in bodily injury was *capable* of causing bodily injury.");[4] *see also Douglas v. United States*, 858 F.3d 1069, 1071 (7th Cir. 2017) ("[F]orce that *actually* causes injury necessarily was capable of causing that injury and thus satisfies the federal definition."). The type of force necessary to amount to a violent felony "is not much more severe than mere unwanted or offensive touching."

---

[2] Mr. Couch was not sentenced under the ACCA, but the Seventh Circuit "refer[s] to cases dealing with the ACCA and the career offender guideline provision interchangeably." *United States v. Edwards*, 836 F.3d 831, 834 n. 2 (7th Cir. 2016) (citing *United States v. Taylor*, 630 F.3d 629, 633 n.2 (7th Cir. 2010)).

[3] The PSR describes the conviction as Battery Resulting in Serious Bodily Injury, but then notes in the criminal history section that Mr. Couch pleaded guilty to a lesser included offense. Cr. Dkt. 41 ¶¶ 23, 52. As reflected in the PSR's offense conduct section and in the factual basis in the plea agreement, this conviction was actually for Battery Resulting in Moderate Bodily Injury. Either way, Mr. Couch was convicted of committing a battery that resulted in injury, which, as discussed, is enough to qualify as a crime of violence.

[4] Mr. Couch argues that *Love* holds that Indiana battery resulting in bodily injury is not a crime of violence, but *Love* clearly states that a touching resulting in bodily injury, which is required by the statute, "is enough for the ACCA." 7 F.4th at 681.

*Love*, 7 F.4th at 679. Because Mr. Couch's battery conviction qualifies as a crime of violence, his counsel did not perform deficiently by failing to object to its use to enhance his sentence.

## IV.  Conclusion

For the reasons explained in this Order, Mr. Couch is not entitled to relief on his § 2255 motion.  There was no ineffective assistance of counsel. Accordingly, his motion for relief pursuant to § 2255 is **DENIED** and this action is dismissed with prejudice.  Judgment consistent with this Entry shall now issue and the Clerk shall **docket a copy of this Order in No. 1:20-cr-225-SEB-TAB.**  The motion to vacate, Cr. Dkt. [53], shall also be **terminated** in the underlying criminal action.

## V.  Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014).  Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Couch has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date:   3/29/2024

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

5


Distribution:

LOGAN COUCH
17741-028
CANAAN - USP
CANAAN U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 300
WAYMART, PA 18472

Kelsey Massa
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
kelsey.massa@usdoj.gov